UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARVIN MARSHALL JOHNSON,         )<br>                                  )<br>    Petitioner                    )<br>                                  )<br>    v.                            )    CAUSE NO. 3:05-CV-68 RM<br>                                  )         Arising from 3:97-CR-56(01)RM<br>UNITED STATES OF AMERICA,         )<br>                                  )<br>    Respondent                    )  | |

OPINION AND ORDER

On March 21, Mr. Marvin Marshall Johnson requested the court for a certificate of appealability and leave to proceed *in forma pauperis*. Mr. Johnson seeks to appeal the court's summary dismissal of his § 2255 petition, which asserted he was unconstitutionally sentenced in light of the Supreme Court's ruling in United States v. Booker, 125 S. Ct. 738 (2005). For the following reasons, the court denies Mr. Johnson request.

A "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253; *accord* Williams v. Parke, 133 F.3d 971, 975 (7th Cir. 1998). Mr. Johnson must demonstrate that his constitutional issues are "debatable among jurists of reason" or "deserve encouragement to proceed further." Ouska v. Lynn Cahill-Masching, 246 F.3d 1036, 1046 (7th Cir. 2001); Porter v. Gramley, 112 F.3d 1308, 1312 (7th Cir. 1997); *see also* Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983).

Mr. Johnson intends to argue on appeal that it was error to deny him a determination by a jury, beyond a reasonable doubt, of facts used to enhance his punishment not charged in the indictment, nor admitted by him. As the court explained its denial of Mr. Johnson's § 2255 petition, this claim does not make the requisite "substantial showing" of the denial of a constitutional right to authorize a certificate of appealability.

While, a certificate of appealability properly issues only when the petitioner has made "a substantial showing of the denial of a constitutional right." Walker v. O'Brien, 216 F.3d at 632 (*quoting* 28 U.S.C. § 2253(c)(2)). The standard for granting *in forma pauperis* status is lower; an indigent petitioner should be granted *in forma pauperis* status when his appeal is in good faith — that is, when "a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d at 632 (*citing* Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000)); *see also* 28 U.S.C. § 1915 (a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."). The decision that Mr. Johnson has not made a "substantial showing of a constitutional right" doesn't mean his appeal is not in good faith. His claim, while unpersuasive to this court, are not so implausible as to be in bad faith. Considering the relatively low threshold for a finding of good faith — that a "reasonable person could suppose that the appeal has some merit" — the court concludes Mr. Johnson meets this standard and has appealed in good faith, so he is not automatically barred from proceeding *in forma pauperis* by the "good faith" requirement of 28 U.S.C. § 1915(a)(3).

Courts are given the authority to grant *in forma pauperis* status by 28 U.S.C. § 1915. Mr. Johnson's appeal of his § 2255 petition is governed specifically by § 1915(a)(1). Although § 1915(a)(2) and (b) impose additional requirements on prisoners bringing "civil actions," the requirements contained in those portions of § 1915 don't apply to Mr. Johnson's motion because habeas petitions under §§ 2241, 2254, and 2255 are not "civil actions" as that term is used in § 1915(a)(2) and (b). Walker v. O'Brien, 216 F.3d at 634 ("We therefore hold that if a case is properly filed as an action under 28 U.S.C. §§ 2241, 2254, or 2255, it is not a 'civil action' to which the [Prison Litigation Reform Act] applies.").[1]

---

[1] The Prison Litigation Reform Act of 1996 changed § 1915 as to "civil actions" by adding paragraph (2) to subsection (a), and adding subsection (b).

2

Still, Mr. Johnson's request to proceed *in forma pauperis* is governed by the requirements of § 1915(a)(1) which apply to "any suit, action or proceeding, civil or criminal, or appeal therein." Section 1915(a)(1) authorizes the court to grant *in forma pauperis* status only to a prisoner who submits an affidavit that includes a statement of all assets he possesses, states that he is unable to pay the court fees, and states the nature of his appeal and the belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). Mr. Johnson does not provide any information regarding his assets, and he has not submitted an affidavit as required by § 1915(a)(1). Without such an affidavit § 1915 does not give the court authority to grant *in forma pauperis* status.

Therefore, the court DENIES the request for a certificate of appealability and for leave to proceed *in forma pauperis* [Doc. No. 5], with leave to re-file a motion to proceed *in forma pauperis* with the required affidavit. The court also DIRECTS the clerk to send Mr. Johnson an application for *in forma pauperis* status.

SO ORDERED.

ENTERED:  April 4, 2005

/s/Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: Clerk of Court
M. Johnson
K. Hays